# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | JUDGE DONALD C. NUGENT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 1:24-CR-00289 |
| MATTHEW M. MOTIL, ) | |
| ) | **DEFENDANT'S UNOPPOSED** |
| Defendant. ) | **MOTION TO CONTINUE** |
| ) | **SENTENCING** |

Now comes Defendant, Matthew M. Motil ("Mr. Motil"), by and through his counsel, and hereby respectfully move this Court for a brief continuance of his sentencing proceedings to provide adequate time for gathering essential information material to the calculation of loss and restitution and to provide counsel adequate time to prepare for sentencing.

The criminal Information charges Mr. Motil with "devis[ing] and execut[ing] a scheme to defraud investors and obtain their money, and unlawfully enrich himself, by inducing Investors to invest in the Motil Real Estate Companies through promissory notes based on material misrepresentations." Information, ECF No. 1 at PageID #: 2. On September 5, 2024, Mr. Motil pleaded guilty to one count of Wire Fraud, in violation of 18 U.S.C. § 1343, and one count of Securities Fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a) and 17 C.F.R. § 240.10b-5. Arraignment and Plea Minutes, ECF No. 7; Plea Agreement, ECF No. 10. Sentencing is currently scheduled for December 12, 2024.

In May 2021, certain private investors in Mr. Motil's real estate venture filed suit against him and his affiliated companies, alleging similar allegations to those charged in the Information. As a result of the civil case(s) filed against Mr. Motil in 2022, his real estate properties were placed

under the control of a receiver. *See Rehn v. INVCLE150, LLC, et al.*, Cuyahoga County, Ohio Court of Common Pleas Case No. CV-21-947601. Although the receivership was initiated in January 2022, it was not until more than a year later—in February 2023—when the first property was sold. *See Rehn v. INVCLE150, LLC, et al.*, Motion No. 5068168, Feb. 22, 2023. According to the Receivership Order, the Receiver was required to file monthly reports by the 20th of each month. *Rehn v. INVCLE150, et al.*, Order Appointing Receiver, Feb. 08, 2022. Since February 2022, only a handful of reports have been filed, and, to counsel's understanding, no final accounting has been prepared and filed with the court. *See Rehn v. INVCLE150, LLC, et al.*, Cuyahoga County, Ohio Court of Common Pleas Case No. CV-21-947601.

Most recently, on October 18, 2024, the Receiver filed a Motion to Limit and Partially Terminate Receivership and to Approve Wind-Up Procedures. *See Rehn v. INVCLE150*, Motion No. 5204369, Oct. 18, 2024. According to defense counsel's own records, all but six (6) of the approximate 122 properties in Mr. Motil's real estate portfolio have been sold. But as far as defense counsel can discern, only one motion has been filed by the Receiver related to the disbursement of sale proceeds, and that motion references only seven (7) properties, leaving the proceeds of at least 115 properties unknown.

An accounting of the sales of these properties and distribution of the proceeds, and the fair market value of any remaining properties, will have an effect on the loss amount (and restitution amount) in this case, given the credit afforded to the sale of pledged or otherwise promised collateral under the U.S. Sentencing Commission Guidelines. *See* USSG §2B1.1, comment. (n. 3(D)(ii)). Therefore, a brief continuance is appropriate so that the parties can determine the credit towards loss that Mr. Motil is entitled and ultimately, the correct loss amount for sentencing purposes.

Both the Government and Defendant have made several attempts to obtain a reasonably detailed accounting from the Receiver. Mr. Motil's counsel in the Receiver action has made requests for this information on numerous occasions, only to be ignored. The Government also recently requested the information and expected to be provided with a copy, but to date, the information has not been forthcoming. Even if the information were somehow to be produced as soon as this week, the defense needs more time to review the information, determine if it is complete, and analyze the impact the sales and distributions may have on the loss and restitution amounts in this case.[1] Additionally, defense counsel may seek to engage an expert to analyze the information in support of certain potential arguments in sentencing mitigation.

Thus, to achieve this common goal, and in consideration of the intervening holiday, Defendant Matthew M. Motil respectfully requests that a brief continuance be granted. Defense counsel conferred with the Government regarding this requested extension, and the Government has confirmed it is not opposed to this Motion to Continue, but requested that, because of the Government's trial calendar, the matter be reset during the week of January 20, 2025, or it otherwise would interfere with a previously scheduled trial.

Respectfully submitted,

*/s/ Paul M. Flannery*
Paul M. Flannery (OH: 0091480)
Olivia S. Gipson (OH: 0101178)
**Flannery | Georgalis, LLC**
1375 E. 9th St., 30th Floor
Cleveland, OH 44114
Tel./Fax: (216) 367-2094
paul@flannerygeorgalis.com
ogipson@flannerygeorgalis.com

*Attorneys for Defendant*

---

[1] If the Receiver does not voluntarily provide the necessary information soon, defense counsel will need to issue a subpoena for the information.

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Paul M. Flannery
Paul M. Flannery (OH: 0091480)

*Attorney for Defendant*