# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | JUDGE DONALD C. NUGENT |
| Plaintiff, ) | |
| v. ) | CASE NO. 1:24-CR-00289 |
| MATTHEW M. MOTIL, ) | **DEFENDANT'S UNOPPOSED** |
| Defendant. ) | **MOTION TO CONTINUE** |
| ) | **SENTENCING** |

Now comes the Defendant, Matthew M. Motil ("Mr. Motil"), by and through his counsel, and hereby respectfully moves this Court for a sixty-five (65) day continuance of his sentencing proceedings (to at least April 9, 2025) to provide time for the resolution of the pending related state court civil receivership matter, *Rhen v. INVCLE150, LLC, et al.*, Cuyahoga County, Ohio Court of Common Pleas Case No. CV-21-947601 (the "receivership action"). In the receivership action, the receiver is expected to make final disbursements to unsecured creditors in approximately forty-five (45) days, which could have a material impact on the restitution amounts owed to certain creditors/potential victims here. Moreover, the funds recovered by victims identified in this case via these disbursements may affect the applicability of the certain United States Sentencing Commission Guidelines (the "Guidelines") adjustments. For example, if just one of the five victims alleged to have suffered substantial financial hardship in the Presentence Investigation Report ("PSR") recoups sufficient funds from the disbursement in the receivership action, the corresponding four-point increase could be inapplicable and the applicable Guidelines

level and corresponding advisory range could change.[1] *See* PSR, ECF No. 15 at PageID #: 256, ¶ 40.

On November 13, 2024, the defense filed an unopposed motion to continue sentencing pending resolution of the receivership action (ECF No. 13), which this Court granted on November 14, 2024 (ECF No. 14). Sentencing is currently scheduled for January 23, 2025. Since that motion to continue was filed and granted, the court in the receivership action approved a motion by the receiver to wind up the receivership. *See Rehn v. INVCLE150*, Journal Entry, Dec. 20, 2024 (attached hereto as **Exhibit A**). Several issues related to the windup process in the receivership will directly affect key considerations in Mr. Motil's sentencing process, including the restitution amount, the specific restitution owed to certain investors, and, perhaps, the applicability of certain Guidelines enhancements—like causing "substantial financial harm."

The windup process approved by the court in the receivership action specifically required the sale of the final few receivership properties—all of which were properties implicated in the indictment—and the filing of the receiver's final report, which includes a request for payment of all outstanding administrative expenses of the receivership. *See* **Exhibit A**. In the receiver's December 19, 2024, report, the receiver noted that he anticipates having a surplus of funds, which he intends to distribute to appropriate creditors who submit a valid claim. *See Rehn v. INVCLE150*, Motion No. 5218478 dated Dec. 19, 2024.

---

[1] The PSR suggests a four-point increase pursuant to USSG §2B1.1(b)(2)(B) based on a belief that at least five (5) victims suffered substantial financial hardship as a result of Mr. Motil's offenses. PSR, ECF No. 15 at PageID #: 256, ¶ 40. Although the defense disagrees with the applicability of this enhancement on its face, its applicability becomes even less supportable if just one of the alleged sufferers is made whole, or recoups a significant portion of his or her investment, by the anticipated disbursements from the receivership.

2

According to the order granting the receiver's motion, the receiver shall collect claims for forty-five (45) days from the date of notice. *See* **Exhibit A**. The receiver recently confirmed to defense counsel that he anticipates all such notices will be sent by Monday, January 6, 2025. As a result, the deadline for potential claimants to submit a claim in the receiver action is on or about February 17, 2025. The receiver has an additional seven (7) days thereafter to file a proposed distribution with the court (or until on or about February 28, 2025). *Id*. Finally, counsel respectfully asserts that additional time should be provided for the court in the receiver action to approve the proposed distribution schedule. Assuming no more than a few days are necessary, the final amounts should be known by approximately March 7, 2025. After the court's approval in the receivership case is ordered, counsel asserts that more time will reasonably be necessary to provide both the defense and the Government to incorporate those issues into the sentencing process, including any potential adjustments to the Guidelines and stipulated restitution amounts.

Until the receivership action, including this more recently developed claims process, is concluded, neither Mr. Motil nor the Government can accurately determine the specific restitution amounts owed to individual investors. And only in the last few months, as the receiver has neared concluding the property sales, has any meaningful progress been made in obtaining information by way of financial reporting. For reasons unknown to the defense, the receiver still has not produced a consolidated report detailing the property sales, associated administrative expenses and payments to creditors, despite the court order requiring him to do so. *See Rehn v. INVCLE150*, Journal Entry dated Dec. 11, 2024. As a consequence, Mr. Motil has, to date, been incapable of determining, in real terms, the *specific losses* suffered by *individual investors* and will be unable to do so until these final disbursements are made.

Moreover, Mr. Motil's bankruptcy case remains pending and there are assets controlled by the Bankruptcy Trustee there that have yet to be liquidated, and the proceeds distributed to his creditors. These include personal items such as a Rolex watch and automobile as well as a potential malpractice claim that could result in a six-figure award to the Bankruptcy Trustee, and in turn, Mr. Motil's creditors.[2] Here again, final restitution amounts depend on the conclusion of that process. Because the proceeds and distribution of both the receivership and the bankruptcy directly impact the restitution in this case, and potentially call into question the applicability of an enhancement for substantial financial hardship, a brief continuance is appropriate and promotes judicial and party economy here by obviating the need for subsequent hearings on these issues. Otherwise, this Court will likely need to schedule yet another hearing—if not several—following Mr. Motil's sentencing to determine the final restitution owed, requiring additional time and resources of the Court, parties to this case, and potentially the victims themselves. A brief continuance is warranted where important and relevant facts are still in flux. The alternative is potentially imposing an inappropriate sentence because efficiency, rather than justice, was prioritized.

Therefore, given the timeline provided by the order in the receivership action, proposed final distributions are not expected until early March 2025. Because of this, to achieve this common goal, and to allow all parties to review the distribution report and seek to finalize restitution amounts, Mr. Motil respectfully requests that a brief continuance of his sentencing proceedings be granted. Defense counsel has conferred with the Government regarding this requested extension, and the Government has confirmed it is not opposed to this Motion to

---

[2] The Trustee is considering filing a lawsuit to recover approximately $250,000 in lost escrow funds because of a mistake by Mr. Motil's previous counsel in a separate, but related, civil matter.

4

Continue, but requested that, because of the Government's trial calendar, the matter be reset during the week of April 9, 2025, or it otherwise would interfere with a previously scheduled trial.

        Respectfully submitted,

        */s/ Paul M. Flannery*
        Paul M. Flannery (OH: 0091480)
        Olivia S. Gipson (OH: 0101178)
        **Flannery | Georgalis, LLC**
        1375 E. 9th St., 30th Floor
        Cleveland, OH 44114
        P: (216) 702-4463
        F: (216) 290-6486
        paul@flannerygeorgalis.com
        ogipson@flannerygeorgalis.com

        *Attorneys for Defendant Matthew Motil*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2025, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Paul M. Flannery*
Paul M. Flannery (OH: 0091480)

*Attorney for Defendant Matthew Motil*